1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN EASLEY,                              No.  2:18-cv-00668-KJM-KJN PS

12                  Plaintiff,

13          v.                                   ORDER

14   CDC – CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,
15
                    Defendants.
16

17

18          Plaintiff Steven Easley, who is proceeding without counsel in this action, has requested

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's

20   application in support of his request to proceed *in forma pauperis* makes the showing required by

21   28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

22          The determination that a plaintiff may proceed *in forma pauperis* does not complete the

23   required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

24   time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

25   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26   an immune defendant.

27   _____

28   [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. §
     636(b)(1).

                                                    1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint is rambling and difficult to follow. The complaint names the Sacramento Sheriff's Department, the California Department of Corrections, and the Neighborhood Crime Watch, as defendants. (ECF No. 1 at 6–7.) It invokes federal question jurisdiction for purported violations of federal guidelines, conspiracy to commit murder, and terrorism to the state. (Id. at 10.)

The complaint appears to detail plaintiff's November 4, 2011 arrest, for an alleged probation violation, followed by his brief incarceration, during which time plaintiff was allegedly physically injured by officers employed by the Sacramento County Sheriff's Department. (Id. at 12–16.) Then, the complaint lists a number of conclusory and confusing allegations that some unnamed conspirators have variously tampered with plaintiff's home computer; stolen and hidden items from him; urinated in his milk; threatened his daughter in Kansas City, Missouri; attempted murder and assault; among other unclear allegations.[2] (Id. at 16–20.)

The complaint does not properly state a claim under any federal law. Indeed, to the extent that plaintiff alleges criminal conduct (e.g. conspiracy to attempt murder), plaintiff has no authority to prosecute alleged criminal conduct in federal court, as a private individual. Criminal prosecutions must be initiated by the proper authorities, such as the Office of the United States Attorneys. For these reasons, the complaint is subject to dismissal.

At the same time, construed liberally, it appears that plaintiff may be attempting to state claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. In light of plaintiff's *pro se* status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under § 1983, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint," shall be typed or written in legible handwriting, shall address the deficiencies outlined in this order, and shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

---

[2] At one point, plaintiff references illicit drug use, further confusing matters:

> Since Nov. 4th 2011 I had to use Meth in order to learn why the world as I once knew it had not only turn[ed] its back on me, but everyone that I knew, or know, even those I didn't know were allowed to steal, lie and threaten me. . .

(ECF No. 1 at 22.)

amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed, but with leave to amend.

3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice.

4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 12, 2018

_Kendall J. Newman_

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.18-668.easley.IFP.dislta

4