| | |
|---|---|
| STEVEN EASLEY, | No. 2:18-cv-00668-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CDC – CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On April 12, 2018, plaintiff Steven Easley, who proceeds *pro se*, was granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 3.) The court simultaneously dismissed plaintiff's complaint for failure to state a claim, but granted plaintiff leave to amend due to his "*pro se* status, and because it [wa]s at least conceivable that plaintiff could allege additional facts to potentially state a claim under [42 U.S.C.] § 1983." (Id. at 3.) Plaintiff was warned that failure to file a first amended complaint in accordance with the court's order may result in the potential dismissal of the action. (Id. at 4.)

Plaintiff filed the first amended complaint on April 30, 2018. (ECF No. 4.) However, for the reasons discussed below, the court determines that plaintiff has again failed to state a claim, and that further leave to amend would be futile. Accordingly, the court recommends that the action be dismissed without leave to amend.

1

When a plaintiff proceeds *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

*Pro se* pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In its April 12, 2018 order, the court advised plaintiff of the above standards and explained that the dismissed complaint was rambling, difficult to follow, and failed to state a claim. (See ECF No. 3.) Yet, plaintiff did not correct these deficiencies in the first amended complaint.

The first amended complaint is also rambling and difficult to follow. It purports to bring claims under federal question jurisdiction, and vaguely refers to alleged violations of the federal guidelines, equal protection, due process, and 42 U.S.C. §§ 1981–83., 1988. (ECF No. 4 at 12–14.) At the same time, the first amended complaint does not include even a threadbare recital of

the elements of any cause of action.  (See ECF No. 4.)

Indeed, the first amended complaint does not allege any additional facts in order to state a claim.  Rather, the pleading restates many of the same imprecise and conclusory allegations from the dismissed complaint, namely that:  plaintiff was illegally arrested for a probation violation on November 4, 2011, and then detained for 45 days; unidentified employees of the Sacramento Sheriff's Department physically injured plaintiff while detained; and unidentified individuals stole plaintiff's identity, urinated in his milk, and continue to follow him, threaten him, and disturb his personal property.  (See Id.)  Therefore, the first amended complaint, like the dismissed complaint, fails to state any claim upon which relief may be granted.

Moreover, further leave to amend would be futile.  First, the court already advised plaintiff of the deficiencies of his dismissed complaint; provided plaintiff an opportunity to correct them; and warned that failure to do so may result in dismissal of the action.  See ECF No. 3; Noll, 809 F.2d at 1448.  As explained, however, plaintiff has not addressed nor corrected these deficiencies in the first amended complaint, which contains nothing more than naked assertions.

Second, actions pursuant to 42 U.S.C. § 1983 must be brought within the statute of limitations for person injury tort actions in the state where the alleged harm occurred.  See Wilson v. Garcia, 471 U.S. 261, 276.  The relevant statute of limitations in California is two years.  Cal. Civ. Proc. Code §335.1.  The limitation period begins to run "when the plaintiff knows, or should know, of the injury which is the basis of the cause of action." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), as amended on denial of reh'g and reh'g en banc (Dec. 13, 1999).  Thus, even if plaintiff could state a claim under 42 U.S.C. § 1983, his claim would be time-barred because the alleged tortious conduct took place in 2011, well over two years prior to the date plaintiff filed this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend, for failure to state a claim upon which relief may be granted.

2. The Clerk of Court be directed to close this case.

////

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 17, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ps.18-668.easley.order and F&R dismissal

4